**UNITED STATES DISTICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| CITIZEN ORGANIZATIONS,<br><br>　　　　APPELLANT,<br><br>vs.<br><br>FIRSTENERGY SOLUTIONS CORP,<br><br>　　　　APPELLEE. | )<br>)<br>)<br>) Case No. 5:19-cv-02545<br>)<br>)<br>) Hon. Sara Lioi<br>)<br>) |

**CITIZEN ORGANIZATIONS'
UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE**

Environmental Law & Policy Center ("ELPC"), Ohio Citizen Action ("OCA"), Ohio Environmental Council ("OEC"), and Environmental Defense Fund ("EDF") (collectively, the "Citizen Organizations") hereby file this unopposed motion (the "Motion") to stay the briefing schedule in the above-captioned case, and extend the Citizen Organization's time to file an opening brief from 30 days after the docketing of notice that the record has been transmitted or is available electronically, as set forth in Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to 21 days after the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") rules on the Citizen Organizations' forthcoming petition for authorization of an immediate direct appeal (the "Direct Appeal Petition") of the Order Confirming the Eighth Amended Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Bk. Dkt. No. 3283] (the "Confirmation Order"),

1

in the event the Sixth Circuit denies the Direct Appeal Petition and this Court therefore maintains jurisdiction of the appeal of the Confirmation Order.

**INTRODUCTION**

1. On October 16, 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") issued the Confirmation Order, which is now the subject of two parallel appellate proceedings—one before this Court, and the other before the Sixth Circuit. On November 27, 2019, the Bankruptcy Court entered the Order Certifying Confirmation Order for Direct Appeal to the Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2)(A)(i) [Bk. Dkt. No. 3458] (the "Direct Certification Order"). Pursuant to Bankruptcy Rule 8006(g), the Citizen Organizations intend to file a Direct Appeal Petition with the Sixth Circuit within 30 days of the effective date of the Direct Certification Order, or December 27, 2019. The Sixth Circuit's forthcoming ruling on the Direct Appeal Petition will dictate whether the Citizen Organizations' appeal of the Confirmation Order proceeds in the Sixth Circuit or in this Court.

2. Good cause therefore exists for a short stay of the briefing deadlines in the above-captioned action, and an extension of the deadline for the Citizen Organizations to file an opening brief to allow the Sixth Circuit to resolve the threshold direct appeal issues that will be presented in the Direct Appeal Petition. A temporary stay will maximize judicial economy and efficiency, conserve the parties' and the Court's resources by avoiding the duplication of potentially wasted effort, and avoid the risk of potentially inconsistent outcomes that may result from parallel appellate proceedings operating on different schedules. After meeting and conferring, the Citizen Organizations have confirmed that the Debtors do not oppose the relief sought in this Motion.

**RELIEF REQUESTED**

3. For all of the reasons stated herein, the Citizen Organizations respectfully request that the Court grant this unopposed Motion and stay the briefing schedule in this case, and extend the time for the Citizen Organizations to file their opening brief from the deadline set forth in Bankruptcy Rule 8018(a)(1) to 21 days after the Sixth Circuit rules on the Direct Appeal Petition, in the event that the Sixth Circuit denies that petition. The Citizen Organizations attached, as Exhibit A, a proposed order to this effect.

**BACKGROUND**

4. On August 20 and 21, 2019, the Bankruptcy Court conducted a two-day confirmation hearing to consider the Sixth Amended Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Bk. Dkt. No. 2934], which the Citizen Organizations objected to on the ground that it was unconfirmable under 11 U.S.C. § 1123 and 11 U.S.C. § 1129(a)(11) [Bk. Dkt. No. 2984]. The Bankruptcy Court overruled the Citizen Organizations' objection at the confirmation hearing, and on October 16, 2019, confirmed the Eighth Amended Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Bk. Dkt. No. 3283] (the "Plan") and entered the Confirmation Order.

5. On October 29, 2019, the Citizen Organizations filed a Notice of Appeal and Statement of Election [Bk. Dkt. No. 3330] (the "Notice of Appeal") with respect to the Confirmation Order and related rulings by the Bankruptcy Court. *See also* Bk. Dkt. Nos. 3382, 3442. The Notice of Appeal was transmitted to and acknowledged by this Court on October 30, 2019 [Bk. Dkt. Nos. 3336, 3352].

6. On November 7, 2019, the Ohio Valley Electric Corporation ("OVEC"), another party that had appealed the Confirmation Order [Dist. Dkt. 5:19-cv-02547-SL], filed a Motion to Certify Confirmation Order for Direct Appeal to the United States Court of Appeals for the Sixth Circuit [Bk. Dkt. No. 3356].

7. On November 12, 2019, the Federal Energy Regulatory Commission ("FERC"), another party that had appealed the Confirmation Order [Dist. Dkt. 5:19-cv-02542-SL], filed a Motion to Certify Confirmation Order for Direct Appeal to the United States Court of Appeals for the Sixth Circuit [Bk. Dkt. No. 3367].

8. On November 12, 2019, two other parties that had appealed the Confirmation Order, the Ohio Consumers' Counsel and Maryland Solar, filed joinders to OVEC's and FERC's Motions to Certify Confirmation Order for Direct Appeal to the United States Court of Appeals for the Sixth Circuit [Bk. Dkt. Nos. 3372, 3373].

9. On November 18, 2019, the Citizen Organizations filed a Joinder in Motions of Ohio Valley Electric Corporation and Federal Energy Regulatory Commission to Certify Confirmation Order for Direct Appeal to the United States Court of Appeals for the Sixth Circuit [Bk. Dkt. No. 3392].

10. The Bankruptcy Court granted the motions to certify by entry of the Direct Certification Order on November 27, 2019, certifying all appeals of the Confirmation Order to the Sixth Circuit, including the Citizen Organizations' appeal.

11. Pursuant to Bankruptcy Rule 8006(g), the Citizen Organizations intend to file a Direct Appeal Petition with the Sixth Circuit within 30 days of the effective date of the Direct Certification Order, or December 27, 2019.

4

12. OVEC filed an Unopposed Motion to Stay Briefing Schedule with this Court in its appeal of the Confirmation Order for substantially the same reasons, and requesting similar relief, as the Citizen Organizations do in this Motion [Dist. Dkt. 5:19-cv-02547-SL, Dkt. No. 28].[1] On December 4, 2019, the Court granted OVEC's Unopposed Motion to Stay Briefing Schedule in part, ordering that opening briefs, if required, are due 21 days after the date upon which the United States Court of Appeals for the Sixth Circuit issues a ruling on OVEC's Direct Appeal Petition [Dist. Dkt. 5:19-cv-02547-SL, Dkt. No. 31].

## ARGUMENT

13. The Bankruptcy Rules set forth in Part VIII, as made applicable to this proceeding under Bankruptcy Rule 8001, expressly authorize the Court to extend the Citizen Organizations' deadline to file and serve their opening brief under Bankruptcy Rule 8018. *See* Bankruptcy Rule 8001(a) ("These Part VIII rules govern the procedure in a United States district court and a bankruptcy appellate panel on appeal from a judgment, order, or decree of a bankruptcy court."). Bankruptcy Rule 8018 provides that the "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically," unless "the district court . . . by order in a particular case excuses the filing of briefs or specifies different time limits," as the Citizen Organizations are requesting here. Bankruptcy Rule 8018(a)(1); 8001(a). Federal Rules of Civil Procedure Rule 6(b) further provides that the Court may, "for good cause," extend the time for an act to be done "if a request is made, before the original time or its extension expires." Rule 6(b)(1)(A).

---

[1] OVEC moved to stay the briefing schedule in its appeal of the Confirmation Order, and to extend OVEC's time to file an opening brief from 30 days after the docketing of notice that the record has been transmitted or is available electronically, as set forth in Bankruptcy Rule 8018(a)(1), to 30 days after the Sixth Circuit rules on OVEC's forthcoming petition for authorization of an immediate direct appeal of the Confirmation Order, in the event the Sixth Circuit denies the Direct Appeal Petition and this Court therefore maintains jurisdiction of the appeal of the Confirmation Order.

14. Good cause exists to stay the present briefing schedule and extend the Citizen Organizations' deadline to file an opening brief until after the Sixth Circuit issues a ruling on the Direct Appeal Petition. *See Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947) ("Extensions always may be asked for, and usually are granted upon a showing of good cause, if timely made[.]").

15. This Court granted similar relief in two other appeals also arising from these Debtors' chapter 11 proceedings. OVEC previously appealed the Preliminary Injunction Against the Federal Energy Regulatory Commission, No. 18-05021 (N.D. Ohio Bankr. May 11, 2018) [Adv. Proc. Dkt. No. 114] (the "Preliminary Injunction") and the Memorandum Decision Supporting Order Granting Preliminary Injunction, No. 18-05021 [Adv. Proc. Dkt. No. 125] (the "PI Memorandum Decision"; together with the Preliminary Injunction, the "Preliminary Injunction Order"), issued by the Bankruptcy Court in an adversary proceeding captioned *FirstEnergy Solutions Corp. v. Federal Energy Regulatory Commission*, Case No. 18-05021 (Bankr. N.D. Ohio), initiating appellate proceedings before this Court at *Ohio Valley Electric Corp. v. Federal Energy Regulatory Commission*, Case No. 5:18-cv-01251-SL (N.D. Ohio) (the "PI Appellate Proceedings"). In that matter, OVEC filed a similar Unopposed Motion for Extension of Time to File Opening Brief [PI Dkt. No. 27] and a Motion for Expedited Consideration of Motion for Extension of Time to File Opening Brief [PI Dkt. No. 28] on July 27, 2018. On July 31, 2018, the Court granted the extension motion without a response or a hearing, and entered an order staying all briefing and setting the deadline to file opening briefs for 30 days after the date upon which the Sixth Circuit ruled on the direct certification petition filed in connection with the Preliminary Injunction Order. The Sixth Circuit ultimately authorized the direct appeal of the Preliminary Injunction Order, as the Sixth Circuit will be

6

asked to do with respect to the Confirmation Order. *See* Order [PI Dkt. No. 30] (noting that "[o]n August 14, 2018, the Sixth Circuit Court of Appeals authorized a direct appeal in this matter" and dismissing "the above-captioned bankruptcy appeal . . . without prejudice"). Similarly, the Court recently stayed briefing in OVEC's appeal of the Confirmation Order at issue in this case, and granted a 21-day extension after the date upon which the Sixth Circuit issues a ruling on OVEC's forthcoming Direct Appeal Petition of the Confirmation Order for OVEC's opening brief in district court [Dist. Dkt. 5:19-cv-02547-SL, Dkt. No. 31]. For the same reasons, the Court should grant this Motion, which requests identical relief recently afforded to OVEC in the related proceeding.

16. Moreover, extending the deadline for the Citizen Organizations to file their opening brief in the instant case will foster judicial economy and efficiency, conserve both the parties and the Court's resources by avoiding the unnecessary duplication of effort, and avoid the risk of potentially conflicting outcomes that might arise from parallel proceedings, which embrace identical issues, running on different timelines. The benefits afforded by an extension of the Citizen Organizations' time to file an opening brief significantly outweigh the minimal effect a short delay in the briefing schedule might have on the resolution of this proceeding if the Sixth Circuit denies the Direct Appeal Petition. This is particularly true where any authorization of a direct appeal of the Confirmation Order by the Sixth Circuit would result in the creation of an entirely new appellate proceeding with a different record on appeal, superseding any of the progress made in the instant case. *See* Federal Rule of Appellate Procedure 6(b)(2)(C); Bankruptcy Rules 8009, 8010. Moreover, the Debtors do not oppose this requested extension. Good cause therefore exists to extend the Citizen Organizations' deadline to file an opening brief

from 30 days after the docketing of the notice that the appellate record is available electronically to 21 days after the Sixth Circuit rules on the Direct Appeal Petition.

17. Finally, because this Motion is unopposed, the Court should grant this Motion on an expedited basis "without awaiting a response" and "without oral argument" for good cause shown, as it is expressly authorized to do under Bankruptcy Rule 8013. Bankruptcy Rule 8013(b) ("The district court or BAP may rule on a motion for a procedural order—including a motion under Rule 9006(b) or (c)—at any time without awaiting a response."); 8013(c) ("A motion will be decided without oral argument unless the district court or BAP orders otherwise.").

## CONCLUSION

18. For the foregoing reasons, the Citizen Organizations respectfully request that the Court grant this unopposed Motion and stay the briefing schedule in this case, and extend the time for the Citizen Organizations to file their opening brief from the deadline set forth in Bankruptcy Rule 8018(a)(1) to 21 days after the Sixth Circuit rules on the Direct Appeal Petition, in the event that the Sixth Circuit denies that petition.

Dated: December 10, 2019.  
Madison, Wisconsin

Respectfully submitted,

*/s/ Brady C. Williamson*
Brady C. Williamson
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 284-2654
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
*Attorneys for Environmental Law & Policy Center*

8

*/s/ Margrethe Kearney*
Howard A. Learner
Margrethe Kearney
Mary Rock (Pro Hac Vice Pending)
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
Telephone: (312) 673-6500
E-mails: HLearner@elpc.org
        MKearney@elpc.org
        MRock@elpc.org
*Attorneys for Environmental Law & Policy Center, Ohio Citizen Action, Ohio Environmental Council and Environmental Defense Fund*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2019, I electronically filed the foregoing CITIZEN ORGANIZATIONS' UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE with the Clerk of the Court by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                              *s/ Margrethe Kearney*
                                              Margrethe Kearney